**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **3:03-CR-0045** |
| **LEO SMITH, III** | : | **(JUDGE MANNION)** |
| **Defendant** | : | |

## M E M O R A N D U M

Pending before the court are the defendant's motions to reduce his 240-month sentence to time served pursuant to §404 the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("FSA").[1] (Docs. 464 & 471). Alternatively, defendant seeks a resentencing hearing pursuant of the FSA. The government opposes the motions arguing that the defendant is not eligible for relief since the FSA did not change the statutory penalties applicable under §841(b)(1)(C). Upon the court's review of the record in this case and the parties' briefs, the defendant's motions will be **DENIED**.

---

[1]Section 404 of the FSA, which "permits the district courts to reduce a sentence retroactively based on the revised statutory penalties of the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372", "is the only provision that applies retroactively to defendants who have already been sentenced." United States v. Powell, 2019 WL 1521972, *3 n.1 (E.D.Ky. April 8, 2019). Also, §404(b) of the FSA "only amended the statutory sentencing ranges for crack cocaine offenses." Id. As such, the FSA made retroactive the portions of the Fair Sentencing Act of 2010 that lowered statutory penalties for certain offenses involving crack cocaine.

## I. BACKGROUND[2]

On May 9, 2003, the DEA arrested Leo Smith, III, a/k/a "Killah" (the "defendant"), in Wilkes-Barre, Pennsylvania via a criminal complaint charging him with distribution and possession with intent to distribute cocaine base ("crack") in violation of 21 U.S.C. §841(a)(1). A nine-count Indictment was returned on May 13, 2003 against the defendant and various others charging him with conspiracy to distribute and possess with intent to distribute in excess of 50 grams of cocaine base ("crack") in violation of 21 U.S.C. §846. In Count 9 of the Indictment, the defendant was charged with possession of firearms, including handguns and an assault rifle, during and in relation to drug trafficking felonies in violation of 18 U.S.C. §924(c)(1)(A)(I).

On January 28, 2004, the defendant pleaded guilty to conspiracy under Count 1 of the Indictment. Under the terms of a plea agreement with the defendant, Count 1 was amended to reflect no specific quantity of cocaine base. Consequently, the defendant was exposed to a 20-year maximum imprisonment term and no mandatory minimum term. Also, the plea agreement provided for the dismissal of the firearms violation contained in Count 9 of the Indictment which could have resulted in a mandatory minimum term of imprisonment of at least five years to run consecutive to the sentence for the drug violation.

---

[2]Since the complete factual background of this case is stated in the government's brief, (Doc. 467), with citation to the record, and referenced in the prior court decisions in the defendant's case cited below, it shall not be repeated herein. (*See also* Doc. 425).

The defendant was sentenced to 240 months in prison on October 22, 2004.[3] He filed an appeal regarding his sentence. On December 5, 2005, the defendant's case was remanded to the district court for re-sentencing based upon United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). The defendant was re-sentenced to 240 months in prison on June 29, 2006. The defendant then filed an appeal on July 7, 2006. The Third Circuit affirmed the defendant's 240-month prison sentence. United States v. Smith, 250 Fed. Appx. 522 (3d Cir. 2007). On April 28, 2008, the United States Supreme Court denied *certiorari*. Smith v. United States, 553 U.S. 1027 (2008).

On May 11, 2010, the defendant filed a motion under 18 U.S.C.§3582(c)(2) to reduce his sentence pursuant to Amendment 706 to the Sentencing Guidelines. On June 28, 2010, the motion was denied. U.S. v. Smith, 2010 WL 11432598 (M.D.Pa. June 28, 2010). The defendant appealed and the Third Circuit affirmed the district court's order stating that it was permissible for the district court to consider the defendant's possession of weapons as a factor to deny the motion, even though his advisory guidelines sentence was increased by two offense levels as a result of his possession of weapons. U.S. v. Smith, 419 Fed.Appx. 241 (3d Cir. 2011). On October 3, 2011, the Supreme Court denied *certiorari*. Smith v. United States, 132 S.Ct. 218 (2011).

_____

[3]The defendant was sentenced by the Honorable Thomas I. Vanaskie who recently retired from the United States Court of Appeals for the Third Circuit.

On April 17, 2012, the defendant filed another motion to reduce his sentence pursuant to 18 U.S.C. §3582(c)(2) based on amendments to the Guidelines enacted after the Fair Sentencing Act. On September 4, 2012, the court denied the motion. The defendant filed an appeal on September 17, 2012, and the Third Circuit affirmed the district court's order. United States v. Smith, 539 Fed.Appx. 54 (3d Cir. 2013).

On November 20, 2015, the defendant filed a motion to reduce sentence, (Doc. 411), based on Amendment 782 to the Guidelines. On July 15, 2016, the court denied defendant's motion. (Doc. 425). The defendant filed an untimely notice of appeal on April 27, 2018, (Doc. 458), and the Third Circuit denied his appeal on February 12, 2019.

On June 25, 2019, the defendant filed a *pro se* motion under the FSA. (Doc. 462). The Federal Public Defender was appointed to represent the defendant and, a motion under the FSA and brief in support were filed on his behalf on August 14, 2019. (Docs. 464 & 465). The FPD then filed an unopposed motion to withdraw from the case on August 22, 2019. (Doc. 466). On August 27, 2019, the government filed its brief in opposition to defendant's motion.[4] (Doc. 467). Subsequently, the court granted the FPD's motion to withdraw from the case, (Doc. 468), and allowed the defendant to proceed *pro se*. (Doc. 470). On September 16, 2019, defendant filed a *pro se* amended

---

[4]Even though the government filed its opposition brief to the defendant's original counseled motion, it still addresses his subsequent *pro se* motion since he is not eligible for relief under the FSA.

motion to reduce his sentence to time served under the FSA. (Doc. 471).

## II.   DISCUSSION

The government contends that defendant Smith is ineligible for relief under the FSA since he pleaded guilty to distributing an unspecified amount of crack cocaine and he was sentenced under the statutory penalties for 21 U.S.C. §841(b)(1)(C) which were not modified by the FSA. The court concurs and finds that Smith is not entitled to the relief that he seeks.

In <u>United States v. Davis</u>, 2019 WL 1054554, *1 (W.D.N.Y. March 6, 2019), the court addressed the FSA and explained:

> Section 404 of the First Step Act makes retroactive Sections 2 and 3 of the Fair Sentencing Act of 2010 ("the Fair Sentencing Act"), Pub. L. 111-220, 124 Stat. 2372, 2372 (2010). Section 2 of the Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." <u>Dorsey v. United States</u>, 567 U.S. 260, 269, 132 S. Ct. 2321, 183 L.Ed. 2d 250 (2012). Section 3 of the Fair Sentencing Act eliminated the 5-year mandatory minimum sentence for simple possession of crack cocaine. *See id.*
>
> The First Step Act permits a court that imposed a sentence for a "covered offense" to now "impose a reduced sentence as if sections 2 and 3 of the Fair Sentence Act of 2010" were in effect at the time the "covered offense" was committed. First Step Act, §404(b). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act," that was committed before August 3, 2010. First Step Act, §404(a).

It is clear that Smith was not convicted of a "covered offense" committed before August 2, 2010, and the FSA does not reduce his statutory penalties.

*See* <u>Davis</u>, 2019 WL 1054554, *3 ("To be eligible for relief under the First Step Act, a defendant must have been convicted of a 'covered offense' committed before August 3, 2010."); <u>United States v. Copple</u>, 2019 WL 486440 (S.D.Ill. Feb. 7, 2019) ("Section 404 [of the FSA] allows the Court to reduce a defendant's sentence for a crack cocaine offense" and, the FSA "only changed the statutory penalty range for certain crack cocaine offenses.").

As the court in <u>United States v. Washington</u>, 2019 WL 4273862, *2 (M.D.Pa. Sept. 10, 2019), recently explained in a case directly on point with Smith's case:

> [defendant] was subject to the statutory penalties set forth in 21 U.S.C. §841(b)(1)(C), which provides, in part, that "[i]n the case of a controlled substance in schedule I or II ... such person shall be sentenced to a term of imprisonment of not more than 20 years." 21 U.S.C. §841(b)(1)(C). Section 841(b)(1)(C) does not provide for a mandatory minimum sentence and was "NOT amended" by the Fair Sentencing Act. United States Sentencing Commission, Office of Education & Sentencing Practice, FIRST STEP Act, INSIDER EXPRESS SPECIAL EDITION, January 2019, at 2. Because the Fair Sentencing Act did not modify §841(b)(1)(C), [defendant's] conviction is not a "covered offense" under the First Step Act.

Thus, the FSA did not modify the statutory penalties of §841(b)(1)(C). *See* <u>United States v. White</u>, 2019 WL 3719006, *11 n. 6 (D.D.C. Aug. 6, 2019) (court noted that "because the statutory penalties for 21 U.S.C. §841(b)(1)(C) were not modified by FSA's sections 2 or 3, the defendants' convictions for violations of that statutory provision do not trigger FSA's sections 2 or 3 or eligibility for a sentence reduction under the First Step Act's Section 404.") (citing <u>United States v. Duggan</u>, 771 F.App'x 261 (4th Cir. 2019)

("The offense for which [the defendant] was convicted and sentenced - possession with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. §841(b)(1)(C) - was not modified by section 2 or 3 of the 2010 FSA. The district court thus lacked jurisdiction to reduce [the defendant's] sentence under the 2018 FSA.")); United States v. Wiseman, 932 F.3d 411 (6th Cir. 2019) ("the First Step Act did not alter the definition of 'felony drug offense[s]' that serve as qualifying convictions under 21 U.S.C. §841(b)(1)(C)" and, since defendant was convicted under 21 U.S.C. §841(b)(1)(C), he was not eligible for relief under FSA).

"[A] conviction under §841(b)(1)(C) criminalizes possession with intent to distribute a Schedule I or II controlled substance, including cocaine base, irrespective of quantity." United States v. Washington, 2019 WL 4273862, *2. Smith was convicted under §841(b)(1)(C) pursuant to his guilty plea that contained no specific quantity of cocaine base, and this offense carried a maximum of 20 years' imprisonment and no mandatory minimum. Thus, even if "§841(b)(1)(C) was modified to change the weight of cocaine base that was subject to the maximum statutory range of 0 to 20 years from less than 5 grams to less than 28 grams, both versions of §841(b)(1)(C) provide for a statutory range of 0 to 20 years for any Schedule I or II controlled substance for which the government cannot, or does not seek to, prove the quantity." Id.

Thus, Smith is not eligible for relief under §404 of the FSA.

## III.    CONCLUSION

Accordingly, defendant Smith's original and amended motions for a reduction of sentence under the FSA to time served, (Docs. 464 & 471), are **DENIED**. Defendant's Smith 240-month sentence shall remain in effect. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: September 20, 2019**
03-0045-02.wpd